UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Coleen Powers,

                    Appellant,

                                              Civ. No. 07-2805 (RHK)
                                          **MEMORANDUM OPINION AND**
                                          **ORDER**

v.

Mesaba Aviation, Inc., d/b/a Mesaba
Airlines,

                    Appellee.

---

Coleen L. Powers, Appellant *pro se*, Memphis, Tennessee.

Michael L. Meyer, Will R. Tansey, Ravich, Meyer, Kirkman, McGrath & Nauman, Minneapolis, Minnesota, for Appellee.

---

## INTRODUCTION

Coleen Powers, proceeding *pro se*, appeals two Orders of the Bankruptcy Court in the Chapter 11 bankruptcy case of Mesaba Aviation, Inc. ("Mesaba"). Mesaba now moves to dismiss the appeal as untimely. For the reasons set forth below, the Court will grant Mesaba's Motion.

## BACKGROUND

On March 28, 2007, the Bankruptcy Court entered an Order disallowing Powers's claim against Mesaba in its Chapter 11 case. Powers filed a Motion for Reconsideration of that Order on April 17, 2007, which the Bankruptcy Court denied by Order dated May 1,

2007. On May 14, 2007, Powers filed a Notice of Appeal of both Orders.[1] On June 15, 2007, Mesaba filed the instant Motion to Dismiss the appeal as untimely.

**ANALYSIS**

**I.      The appeal from the March 28, 2007 Order was untimely.**

An appeal from a bankruptcy court's order must be filed in the time provided by Federal Rule of Bankruptcy Procedure 8002. 28 U.S.C. § 158(c)(2). Under Rule 8002(a), a notice of appeal must be filed "within 10 days of the date of the entry of the judgment, order, or decree appealed from."[2] This requirement is both mandatory and jurisdictional, Guy v. Danzig (In re Danzig), 233 B.R. 85, 91 (B.A.P. 8th Cir. 1990), such that a failure to timely file a notice of appeal "deprives the district court of jurisdiction to review that [appealed-from] order." Veltman v. Whetzal, 93 F.3d 517, 520 (8th Cir. 1996).

Here, Mesaba argues that the Court lacks jurisdiction over Powers's appeal because she did not file her Notice of Appeal within ten days of either Bankruptcy Court Order. There is no dispute that, with respect to both Orders, Powers filed her Notice of Appeal beyond Rule 8002(a)'s ten-day deadline. Rule 8002(b), however, provides an exception: if the appellant makes an appropriate "timely motion" before the bankruptcy court, then the time to appeal "runs from the entry of the order disposing of the last such motion

---

[1] In the Eighth Circuit, a party appealing a bankruptcy court's order may elect to have that appeal heard by the district court or by the Eighth Circuit Bankruptcy Appellate Panel. See 28 U.S.C. § 158(c)(1)(A). Powers has elected to have her appeal heard by this Court.

[2] The ten-day period prescribed by Rule 8002 begins on the day after the order is entered on the docket and includes intermediate weekends and legal holidays. See Fed. R. Bankr. P. 9006(a) (excluding weekends and holidays only if the prescribed time period is *less* than 8 days).

outstanding." Id.  Rule 8002(b) lists several types of motions that will suffice to toll the appeal deadline, including motions to alter or amend judgment (under Rule 9023) and motions for relief from judgment (under Rule 9024).

Relying on Rule 8002(b), Powers argues that the 10-day period to appeal the March 28 Order did not begin to run until May 1, 2007, the date on which the Bankruptcy Court denied her Motion for Reconsideration.  (See Mem. in Opp'n at 12-13.)[3]  Rule 8002(b), however, does not list a motion for reconsideration as one of the types of motions that will toll the appeal deadline.  Hence, it is not clear that Powers's Motion could have tolled the appeal period here.

Nevertheless, some courts give appellants the benefit of the doubt and treat motions for reconsideration as motions for relief under Rule 9023 or Rule 9024 when calculating the appeal deadline.  See, e.g., Hanson v. Sabala (In re Sabala), 334 B.R. 638, 640-41 (B.A.P. 8th Cir. 2005); Bigelow v. Stoltenberg (In re Weston), 41 F.3d 493, 495 (9th Cir. 1994).  Unfortunately for Powers, a motion under either Rule 9023 or Rule 9024 also must be filed within 10 days of the judgment or order challenged.  See Fed. R. Bankr. P. 9023 (motion under Rule 9023 must be filed "within 10 days of the entry of judgment"); Fed. R. Bankr. P. 8002(b)(4) (motion for relief under Rule 9024 must be filed "no later than 10 days after entry of judgment").  Accordingly, a "timely motion for reconsideration .

---

[3] Of course, Powers filed her Notice of Appeal on May 14, 2007, which was more than ten days after May 1, 2007.  Powers argues, however, that she was entitled to an additional three days to appeal under Federal Rule of Bankruptcy Procedure 9006(f).  As discussed in more detail below, Powers is mistaken.

. . tolls the time for the taking of an appeal until 10 days following the denial thereof. *But an untimely motion for reconsideration . . . does not toll the time for the taking of an appeal*." In re Pulliam, 96 B.R. 208, 215 (Bankr. W.D. Mo. 1986) (emphasis added).[4]

In light of the foregoing, Powers had to file her Motion for Reconsideration on or before April 9, 2007 – *i.e.*, within 10 days of the March 28 Order – in order for that Motion to toll the appeal deadline.[5] She did not file her Motion, however, until April 17, 2007. The house of cards upon which Powers bases her argument therefore collapses: her Motion for Reconsideration was untimely, which means that the deadline to file her Notice of Appeal was not tolled, which, in turn, means that her appeal is untimely because it was not filed within the 10-day deadline prescribed by Rule 8002(a).

---

[4] There is no time limit for filing a motion for reconsideration under Rule 3008. When a plaintiff seeks to toll the appeal deadline by a motion for reconsideration, however, courts require the motion to have been filed within 10 days of the challenged order, just as with motions under Rules 9023 and 9024. See, e.g., Dicker v. Dye (In re Edelman), 237 B.R. 146, 151 (B.A.P. 9th Cir. 1999); In re Pulliam, 96 B.R. at 215. There is an important policy reason for such a rule: if an appellant could file a motion for reconsideration at any time and them take a "timely" appeal from the order disposing of that motion, appellants could easily circumvent the 10-day appeal deadline in Rule 8002.

[5] See Fed. R. Bankr. P. 9006(a) (where last day of prescribed time period falls on weekend, deadline is extended through end of next business day; here, last day of appeal period fell on Saturday, April 7, 2007, so deadline to appeal ran through Monday, April 9).

**II.     The appeal from the May 1, 2007 Order also was untimely.**

Although a different analysis applies with respect to Powers's appeal of the Bankruptcy Court's May 1, 2007 Order denying her Motion for Reconsideration, that appeal also is untimely. Like the March 27 Order, Powers appealed the Order denying her Motion for Reconsideration on May 14, 2007, which was beyond the 10-day deadline set forth in Rule 8002(a). Powers argues that her appeal is nevertheless timely because Rule 9006(f) extended the 10-day appeal period by three days. The Court disagrees.

Under Rule 9006(f), "when there is a . . . requirement to act . . . within a prescribed period *after service* and that service is by mail . . ., three days are added after the prescribed period would otherwise expire . . . ." Fed. R. Bankr. P. 9006(f) (emphasis added). By Rule 9006(f)'s very terms, such a three-day extension occurs only when the prescribed period begins to run on the date of *service* of an order or judgment. See, e.g., Constellation Dev. Corp. v. Dowden (In re B.J. McAdams, Inc.), 999 F.2d 1221, 1225 (8th Cir. 1993).[6] The ten-day period for filing an appeal under Rule 8002(a) is not such a period; it begins to run on the date the judgment or order is *entered on the docket*, regardless of how (or when)

---

[6] Powers argues that pre-2005 cases interpreting Rule 9006 are no longer good law because subdivision "f" of that Rule purportedly was first added in 2005. (See Mem. in Opp'n at 12.) The three-day extension provided by Rule 9006(f), however, pre-dates 2005. See, e.g., In re B.J. McAdams, 999 F.2d at 1223. Although it is true that Rule 9006 was *amended* in 2005, that amendment did not alter the Rule's meaning or scope; rather, it simply clarified "*the method* of counting the number of days to respond to service by mail." Fed. R. Bankr. P. 9006 advisory committee's note (emphasis added).

notice thereof is served. Id. Accordingly, Powers cannot avail herself of the three-day extension allowed by Rule 9006(f).

For these reasons, Powers did not timely appeal either of the challenged Bankruptcy Court Orders. Accordingly, this Court lacks jurisdiction over Powers's appeal, and it must be dismissed. See Veltman, 93 F.3d at 520-21.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Mesaba's Motion to Dismiss (Doc. No. 3) is **GRANTED** and Powers's appeal is **DISMISSED WITH PREJUDICE**.[7]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August  3 , 2007    s/Richard H. Kyle
                           RICHARD H. KYLE
                           United States District Judge

---

[7] Powers's request that the Court modify its July 12, 2007 Order is **DENIED**.